# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOHN P. KAROLY, JR., :

    Appellant, : CIVIL ACTION NO. 3:13-138

v. : (MANNION, D.J.)

WILLIAM G. SCHWAB, Chapter 7 :
trustee for CLEARVIEW
BUILDERS, INC. :

    Appellee, :

## MEMORANDUM

Pending before the court is the appellee's, William G. Schwab as Chapter 7 trustee for Clearview Builders, Inc., motion to dismiss the appellant's appeal from judgment from the Bankruptcy Court. (Doc. No. 12). The appellee makes three central arguments in his brief in support of dismissing the instant appeal: (1) judicial estoppel bars the appellant's claim; (2) the bankruptcy's determination was based on a weighing of credibility and no clear error is evident; and (3) the appellant's credibility has been impeached, so his testimony should be discounted. (Id.). (Doc. No. 13). The appellant filed a response, (Doc. No. 16), and a brief in opposition, (Doc. No. 17) on June 21, 2013. The motion is now ripe for the court's ruling.

## I. BACKGROUND

This court has jurisdiction under 28 U.S.C. §158(1)(a). Given the limited nature of the motion to dismiss, only the necessary facts will be discussed.

The parties agree that the central issue on appeal is whether the Bankruptcy Court's order denying the appellant's Motion for an Order Determining Ownership of Proceeds Escrowed By the Trustee Following the Sale of Certain Property in Milford Township. (Doc. No. 10). That motion was denied and the trustee therefore did not turn over those funds to the appellant. (Id.).

The appellant, a former attorney, represented the debtor in various civil and criminal proceedings in 2005-2007. (App. 335-360). They had no written fee agreement for this representation. (App. 217). During that time, the debtor had insufficient funds to pay for the appellant's services, so he signed over a 24-acre Milford Township property, known as the "Glen Lane Property," to the appellant. (App. 217). The appellant now alleges the property was owned by Phoenix Soil, LLC, a company owned by the debtor. Subsequently, that property was taken by the Chapter 7 trustee in default against the debtor and a series of companies he owned. (App. 33-34). The appellant filed a Proof of Claim for outstanding fees and money owed by the debtor on November 19, 2007. (App. 35-66).

The Chapter 7 bankruptcy trustee then filed a motion to sell the Glen Lane Property, (App. 81), that was approved by the bankruptcy court on February 21, 2007, after the appellant and the debtor withdrew their objections. (App. 93). The funds were placed into escrow and the appellant's claim to the proceeds was preserved. (Id.). The trustee then filed an objection to the appellant's proof of claim. (App. 67-70).

On September 20, 2011 the bankruptcy court held a one-day trial on the issue of the trustee's objection to the appellant's Proof of Claim. (App. 315-317). The appellant was granted partial summary judgment on the Proof of Claim. (App. 652). The appellant then filed a Motion for an Order Determining Ownership of the Proceeds Escrowed by the Trustee following the sale of the Glen Lane Property. (App. 653-56). On November 7, 2013, and December 6, 2013, the bankruptcy court held oral arguments on the issue and denied the appellant's motion. (App. 747-48, 755). This appeal followed.

The appellee has also included a transcript of a court hearing from January 4, 2006 where the appellant appeared on behalf of the debtor in the Pennsylvania Court of Common Pleas for Bucks County ("the Buck's County Case"). (Doc. No. 12, Exh. 1). In that transcript, the appellant notes that another individual may be the owner of Phoenix Soil, LLC. (Id.). The appellee claims that this would judicially estop the appellant from arguing that the debtor now owned the company.

## II. DISCUSSION

### A. Judicial Estoppel is Not Appropriate

The appellee claims that because the appellant represented the debtor in a prior action and told the court "it gave the Court a hint that [this other person] is the legal owner of [Phoenix Soil, LLC] per this individual's recollection, but that recollection is two year's old stale," (Doc. No. 12, Exh.

3

1), the appellant should be estopped from now arguing that the debtor owned that same corporation. (Doc. No. 10). As an initial matter, although the document is a public record, it was not before the bankruptcy court and the appellee points to no place in the record where this information was presented. "Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." *In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (E.D.P a. 1986)*. Moreover, "[a]n appellee who believes that other parts of the record are necessary must, within 14 days after being served with the appellant's designation, file with the clerk and serve on the appellant a designation of additional parts to be included." Rule 6 Fed. Rules Of App. P. The appellee did not file this additional document in a timely fashion, so it need not be considered.

Even if the court could consider this transcript, judicial estoppel is not appropriate.

> Judicial estoppel may be imposed only if: (1) *the party* to be estopped is asserting a position that is *irreconcilably inconsistent* with one he or she asserted in a prior proceeding; (2) the party *changed his or her position in bad faith*, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity.

*Montrose Med. Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 777 (3d. Cir. 2001)(emphasis added). Here, the appellant was not a party - he represented the debtor in the instant matter. Second, his position is in regard to the evidence before the court, not an equivocal statement about ownership

4

of the company. The evidence presented, not included in the transcript, may well have established that the other individual appeared to be the owner. In sum, the court declines to estop the appellant at this stage of the proceeding. Moreover, the issue of whether the trustee may be judicially estopped should be handled through a fully-briefed appeal, not a motion to dismiss.

B.  The Role of the District Court

The appellee's next argument claims that "the weighing of credibility of witnesses and inferences of the Bankruptcy Court cannot be disturbed, there is no basis for a finding of clear error." (Doc. No. 13). "Findings of fact shall not be set aside unless clearly erroneous, with due regard given to the Bankruptcy Court's opportunity to judge the credibility of witnesses. The reviewing court has plenary review of questions of law." *In re Neshaminy*, 62 B.R. at 801. The court generally agrees with the appellee's legal proposition, but fails to see how a motion to dismiss is the proper vehicle for such a finding. The appellee, without citing to a single place in the record in his argument, claims the appeal must be dismissed because it focuses on the issue of credibility only. (Doc. No. 13). The court fails to see why it would dismiss the appeal without allowing full briefing of the issues before it.

C.  The Credibility of the Appellant

Again, the appellee claims "[t]he credibility of the Appellant has been impeached and his testimony, to the extent it contradicts that of another witness, should be discounted." Without citing to the record again, the

5

appellee claims the motion to dismiss should be granted because the appellant was impeached during his testimony. The court does not believe this issue should be decided on a motion to dismiss rather than through a full briefing of the issues and questions of law before the court. As such, the motion is denied.

In his brief in support of the appeal, the appellant cites six issues that he raises to the court. Given the nature of the motion and the subsequent brief, it is unclear whether the appellee intends to file a brief in opposition to the appeal or he intends on resting on the brief filed in conjunction with his motion to dismiss. (Doc. No. 13). The court will grant the appellee an additional twenty-one (21) days to file a brief in opposition to the appeal. The appellant will have fourteen (14) days from the filing of the appellee's brief to file a reply.

## III. CONCLUSION

For the forgoing reasons, the appellee's motion to dismiss is **DENIED**. (Doc. No. 12). An appropriate order will follow.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date: December 31, 2013

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-138-01.wpd